**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3074
_____

GILBERT WEST,
                              Appellant
v.

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 11-cv-00464)
District Judge:  Honorable Arthur J. Schwab

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 16, 2011
Before:  RENDELL, FUENTES and WEIS, Circuit Judges

(Opinion filed: November 18, 2011)
_____

OPINION
_____

PER CURIAM.

        Gilbert West, a pro se litigant, appeals from an order of the United States

District Court for the Western District of Pennsylvania granting a motion to dismiss in

favor of the Prudential Insurance Company ("Prudential"), on West's claims of disability

discrimination under the Americans with Disabilities Act ("ADA") and the Pennsylvania

Human Relations Act ("PHRA"). For the reasons that follow, we will affirm the District Court's judgment.

In December 2009, West applied for an insurance agent position with Prudential. As part of the application process, West disclosed that he had been convicted in 1996 of conspiracy to possess with intent to distribute cocaine and heroin. See 21 U.S.C. § 841(a)(1) & 846. West was interviewed several times, took an employment test, and compiled a list of prospective clients. Ultimately, however, Prudential informed West that "the Company has decided not to offer you a position based on information received as part of our Pre-Hire process."

After receiving a right-to-sue letter from the Equal Employment Opportunity Commission, West filed a complaint in the District Court, alleging that Prudential discriminated against him on the basis of a disability when it declined to hire him because of his felony conviction. Prudential filed a motion to dismiss, arguing that West failed to state a claim under the ADA or the PHRA because his conviction did not qualify as a disability. The District Court agreed and granted Prudential's motion to dismiss. West appealed.

We have appellate jurisdiction under 28 U.S.C. § 1291, and our review is plenary. Dique v. N.J. State Police, 603 F.3d 181, 188 (3d Cir. 2010). To survive a Rule 12(b)(6) motion to dismiss, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S.

662, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. v. Twombly, 550 U.S. 544, 570 (2007)).

To establish an employment discrimination claim under the ADA, a plaintiff "must demonstrate that he or she is a 'qualified individual with a disability' within the meaning of the Act, and that he or she suffered an adverse employment decision as a result of the discrimination."[1] Tice v. Ctr. Area Transp. Auth., 247 F.3d 506, 511-12 (3d Cir. 2001) (citation omitted); see also Shaner v. Synthes, 204 F.3d 494, 500 (3d Cir. 2000). An individual qualifies as disabled if he or she (1) has a physical or mental impairment that substantially limits one or more major life activities, (2) has a record of such an impairment, or (3) is regarded as having such an impairment. 42 U.S.C. § 12102(1). West did not allege that he has a physical or mental impairment. Instead, he claimed that his conviction qualified as a disability. The District Court properly rejected this argument, as a criminal conviction is not a physical or mental impairment.

On appeal, West argues that the District Court did not consider the "full scope" of his claim, and asserted that "discrimination on the basis of prior conviction is clearly cognizable under [the] PHRA and Title VII of the Civil Rights Act of 1964." Notably, however, West's claims in the District Court were based solely on disability discrimination under the ADA and PHRA. He did not include a Title VII claim in his

---

[1] "[T]he same legal standard that applies to the ADA applies equally to disability discrimination claims under the PHRA." Colwell v. Rite Aid Corp., 602 F.3d 495, 499 n.3 (3d Cir. 2010).

3

complaint, although he did reference Title VII in his response to Prudential's motion to dismiss. Of course, we do not consider claims presented for the first time on appeal. See Harris v. City of Philadelphia, 35 F.3d 840, 845 (3d Cir. 1994). In any event, West's allegations lack merit.

In Title VII cases, a plaintiff must demonstrate that the defendant has "a particular employment practice that causes a disparate impact on the basis of race, color, religion sex, or national origin."[2] 42 U.S.C. § 2000e-2(k)(1)(A)(i). Once the plaintiff makes such a showing, the burden shifts to the defendant to "demonstrate that the challenged practice is job related for the position in question and consistent with business necessity." Id.; see also Meditz v. City of Newark, No. 10-2442, -- F.3d --, 2011 WL 4470677, at *3 (3d Cir. Sept. 28, 2011) (describing the "two steps" in disparate impact cases). We have recognized that a company that refuses to hire an individual with a prior criminal conviction may violate Title VII if that policy has a disparate impact on members of a protected group. El v. SEPTA, 479 F.3d 232, 238-39 (3d Cir. 2007). In this case, West has not satisfied the first step because he has not alleged that he is a member of a protected class. Therefore, we deem unavailing West's allegation that Prudential cannot satisfy the second step, the business necessity defense, by relying on 18 U.S.C. §§ 1033(e)(1)(A), which generally prohibits "[a]ny individual who has been

---

[2] The PHRA prohibits discrimination based upon "the race, color, religious creed, ancestry, age, sex, national origin or non-job related handicap or disability[.]" 43 P.S. § 955(a).

convicted of any criminal felony involving dishonesty or a breach of trust . . . [from] willfully engag[ing] in the business of insurance . . . or participat[ing] in such business."

For the foregoing reasons, we will affirm the judgment of the District Court.